

NEW YORK CITY
HOUSING
AUTHORITY

**NEW YORK CITY HOUSING AUTHORITY**
**LAW DEPARTMENT**
250 BROADWAY• NEW YORK, NY 10007

http:/nyc.gov/nycha

**SHOLA OLATOYE**
CHAIR
**DAVID FARBER**
General Counsel

WRITER'S DIRECT LINE
(212) 776-5130

August 16, 2016

**VIA REGULAR MAIL AND ECF**

Honorable Brian M. Cogan
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Rosalinda Tull v. NYCHA*
16 CV 1010 (BMC)(LB)

Dear Judge Cogan:

This office represents Defendant New York City Housing Authority ("NYCHA") in the above-referenced matter. Pursuant to the Court's Individual Rules, NYCHA requests a pre-motion conference to discuss its proposed motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff's claims are barred by the doctrine of *res judicata* and the applicable statute of limitations and fail to state a claim upon which relief may be granted. NYCHA's Answer to the complaint is due on August 17, 2016 and the initial conference is scheduled for September 8, 2016 at 2:00 p.m.

As per this Court in its Order of Partial Dismissal, dated March 11, 2016, Plaintiff Rosalinda Tull alleges disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., the Fair Housing Act (FHA), 42 U.S.C. § 3604 et seq., and Section 504 of the Rehabilitation Act (Rehab Act), 29 U.S.C. § 794 et seq. Plaintiff is a resident of NYCHA's Penn-Wortman housing development in Brooklyn. The factual basis of Plaintiff's claims is unclear. However, to the extent Plaintiff complains of acts prior to March 1, 2013, those claims are barred under the doctrine of *res judicata* and/or time-barred under applicable statutes of limitations. As to the period after March 1, 2013, Plaintiff appears to complain that NYCHA attempted to "impose repairs" without medical accommodation and retaliated against her for unspecified protected activity by commencing administrative tenancy termination proceedings and non-payment actions.

**Factual Background**

In October 2001, Plaintiff became the tenant of record of a studio apartment at Penn-Wortman Houses. On or about October 18, 2005, Plaintiff submitted a Tenant Request for Transfer requesting a 504 apartment citing her anticipated surgery and her need for room for medical equipment. In March 2007, Plaintiff moved within 875-881 Pennsylvania Avenue, Brooklyn, NY from apartment 5P, a

studio apartment to 14M, a one-bedroom Section 504-accessible apartment.

In 2004, NYCHA filed termination of tenancy charges against Plaintiff due to her failure to report income. In 2005, the hearing officer sustained the charges in part; consequently Plaintiff owed retroactive rent in the amount of $3,840. In May 2006, Plaintiff commenced an Article 78 proceeding to challenge NYCHA's final determination. In July 2006, the Article 78 was settled and discontinued with prejudice.

In 2007, Plaintiff commenced an action in New York Supreme Court, Kings County, against NYCHA alleging, among other things, denial of her transfer request, harassment by NYCHA managers, and that former Manager Eugene Melfa charged her incorrect rental amounts, denied her rent credits, and had illegally tried to evict her. These claims were dismissed by Justice Kenneth C. Holder on the grounds of *res judicata* as the complaint raised no allegations that could not have been litigated as part of her Article 78 proceeding which arose out of the same transactions or series of transactions.

In December 2008, Plaintiff filed a complaint in the U.S. District Court for the Eastern District of New York alleging she was discriminated against in that (a) former Property Manager Eugene Melfa charged her incorrect rent and denied her rent credits; (b) NYCHA failed to perform certain repairs in her apartment (i.e. replacement of tiles and asbestos abatement) and (c) NYCHA denied her request for a temporary transfer pending repairs to her apartment. By Orders dated March 10, 2009 and May 5, 2009, this Court dismissed the complaint and denied the Plaintiff's motion for reconsideration. Your Honor noted that, although, Plaintiff was given an opportunity to re-plead her claim that she was denied a transfer to accommodate her disability, the amended complaint failed to provide any facts to suggest that she might have an FHA claim or any other federal claim. Plaintiff's appeal to the United States Court of Appeals for the Second Circuit was dismissed "because it lack[ed] an arguable basis in law or fact."

In October 2010, Plaintiff filed a disability discrimination complaint with the New York State Division of Human Rights (SDHR) alleging she was charged the incorrect rent, she was being harassed by managers, NYCHA tried to illegally evict her and she was denied a transfer. The SDHR found no probable cause. In July 2012, Plaintiff filed another disability discrimination complaint with the SDHR alleging that NYCHA improperly denied her transfer, her apartment was falsely listed as a 504 apartment, and she has been overcharged rent and denied rent credits. The SDHR found no probable cause.

## Anticipated Bases of Motion to Dismiss

### Res Judicata

Plaintiff's complaint must be dismissed because her current claims either were raised or could have been raised in prior proceedings before the Eastern District of New York and the United States Court of Appeals for the Second Circuit, and other forums including New York State Supreme Court, Housing Court, the SDHR and HUD. Under the doctrine of *res judicata*, or claim preclusion, "a judgment upon the merits in one suit is res judicata in another where the parties and the subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end." *Woods v. Potter*, 63 Fed. Appx. 590 (2d Cir. 2003) (citation omitted). In the instant action, Plaintiff asserts much of the same allegations from her prior complaints. Plaintiff once again challenges her 2007 transfer to

*Tull v. NYCHA*, 16 cv 1010
Page 3

her one-bedroom apartment, the termination of tenancy charges decided in 2005, the non-payment proceeding commenced in Housing Court, and NYCHA's alleged failure to make repairs in her apartment.

### Statutes of Limitations

Even if not otherwise barred under the doctrine of *res judicata*, Plaintiff's claims are barred by the applicable statutes of limitations. The statute of limitations for private causes of action under the FHA is two years, and three years for claims brought under the Rehab Act and the ADA. *Allen v. NYCHA*, 2016 U.S. Dist. LEXIS 20512, at * 13 (E.D.N.Y. Feb. 19, 2016). Plaintiff filed the instant complaint on March 1, 2016, and thus any FHA claims based on events occurring prior to March 1, 2014, or any claims under the Rehab Act and the ADA based on events prior to March 1, 2013 for, should be dismissed as untimely.

### Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff appears to alleged that NYCHA denied her repairs to the apartment required as a reasonable accommodation. These allegations are barred under the doctrine of *res judicata* as these repairs are the same ones which were the subject of Plaintiff's earlier filings. Moreover, Plaintiff's own complaint establishes that NYCHA has repeatedly attempted to make repairs. In ¶ 37(c) of the complaint, Plaintiff acknowledges that NYCHA sought to temporarily transfer her to another unit in order to make repairs but she declined, she states due to a medical condition; in¶ 46, she complains that NYCHA attempted to impose repairs in October 2015; in ¶53, she complains that NYCHA keeps trying to impose repairs.

Plaintiff's claim that NYCHA retaliated for unspecified protected activity by commencing administrative tenancy termination proceedings and non-payment actions similarly fails. The most recent termination of tenancy proceeding commenced against Plaintiff was in 2009 and any claim as to that act is time-barred. The 2013 administrative proceeding referenced in the complaint was a third-step rent grievance which was initiated by Plaintiff, not NYCHA. Moreover, while Plaintiff was the subject of non-payment proceedings in June 2015 and January 2016, the lapse of over three years since her last SDHR complaint precludes any inference of causality. Further, NYCHA initiated the non-payment actions for legitimate, non-retaliatory reasons, i.e., Plaintiff's rent delinquency.

Accordingly, Defendant requests the Court convert the initial conference scheduled for September 8, 2016 to a pre-motion conference on its motion to dismiss. Defendant thanks the Court for its consideration.

Respectfully,

*Judith A. Joseph Johns*

Judith A. Joseph Jenkins, Esq. (JJ8373)